# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARLENE KENDELL and KELLEE KENDELL,

      Plaintiffs,

v.                                                   Case No: 6:23-cv-2197-CEM-DCI

TRUSTED RATE INC,

      Defendant.

## ORDER

This cause comes before the Court for consideration with oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Plaintiffs' Rule 37 Motion for Order Compelling Defendant's Compliance with Discovery (Doc. 78)** |
| **FILED:** | **July 27, 2024** |
| **MOTION:** | **Defendant's Motion for Protective Order from Plaintiffs' Initial Discovery Requests (Doc. 82)** |
| **FILED:** | **August 5, 2024** |

**THEREON** it is **ORDERED** that Plaintiffs' Motion to Compel (Doc. 78) is **GRANTED in part**; Defendant's Motion for Protective Order (Doc. 82) is **DENIED**.

The Court set this matter for hearing to consider Plaintiffs' Rule 37 Motion for Order Compelling Defendant's Compliance with Discovery. Doc. 79 (the Motion to Compel). The evening before the hearing, Defendant filed a Motion for Protective Order from Plaintiffs' Initial

Discovery Requests. Doc. 82 (the Motion for Protective Order). Defendant essentially requests a stay in discovery pending the resolution of its Motion to Dismiss. *Id*.

Since the Motions are related, the Court considered both at the hearing.[1] As stated at the hearing, the Motion for Protective Order is due to be denied because it is legally insufficient, and Defendant failed to comply with the Court's Order on Discovery Motions and Local Rule 3.01(g).

As to the Motion to Compel, Plaintiffs contend that they served Defendant with the first Interrogatories, Request for Production of Documents, and Responses to Admissions. It is undisputed that Defendant has not responded to the requests and the time for doing so has elapsed. Accordingly, Plaintiffs request that the Court order Defendant to "comply" with the discovery requests and "order requested admissions conclusively" pursuant to Federal Rule of Civil Procedure Rules 36(a)(3), (b) and Rule 37(a)(1). Doc. 78. Plaintiffs also request that Defendant pay Plaintiff's reasonable expenses in making the Motion to Compel. *Id*.

Upon due consideration, the Court finds that the Motion to Compel is due to be granted in part. Defendant did not respond to the Motion to Compel, and it is, therefore, deemed unopposed. *See* Doc. 7 ("Any party opposing the Motion shall file a response no later than five days after the Motion is filed (*see* Fed.R.Civ.P. 6(a)); a failure to file a timely response will result in the Motion being deemed unopposed."). The Court is not persuaded that the failure to respond was justified based on Defendant's counsel's explanation that counsel was not aware of the Motion to Compel until recently due issues with CM/ECF notifications or problems with Plaintiffs' counsel's failed attempts to confer via email and telephone.

---

[1] Carlos Pazos appeared for Defendant at the hearing and represented to the Court that he will file a Notice of Appearance on the docket.

Accordingly, the Court finds that Plaintiffs are entitled to an order compelling responses to the outstanding discovery responses. The Court, however, is not convinced that an appropriate sanction or remedy for the failure to respond is to deem all matters related to the discovery requests admitted going forward. While Plaintiffs' Requests for Admission are deemed admitted pursuant to Rule 36(a) because Defendant failed to timely respond, the imposition of blanket admissions as a sanction is not necessarily grounded in the needs of the case, so the Court will not grant Plaintiffs' request. *See* Rule 36(b) ("Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."); *see also Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002) ("First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case.") (citing *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988)).

Even so, the Court finds that Plaintiffs are entitled to some relief related to Defendant's ability to respond to the discovery. Particularly, the Court finds that it is more appropriate to deem any objection to the discovery requests waived except those based on the attorney-client privilege and the work product doctrine. *See e.g. Grossman v. Oliver*, 2024 WL 2863767, at 1* (M.D. Fla. June 6, 2024) (finding that all objections to the discovery were deemed waived by the failure to timely respond to the motion to compel) (citations omitted). Further, Defendant's responses should be compelled on an expedited basis.

Based on the foregoing and the reasons stated at the hearing, it is **ORDERED** that:

1. Plaintiffs' Motion to Compel (Doc. 78) is **GRANTED in part** to the extent that:

    a. Defendant shall respond to the discovery requests at issue in Plaintiffs' Motion to Compel **on or before August 16, 2024**;

    b. Defendant shall not raise an objection to the discovery requests except those based on the attorney-client privilege and work product doctrine. If Defendant withholds documents on that basis, Defendant shall produce to Plaintiffs a privilege log **on or before August 16, 2024**;

    c. Plaintiffs are entitled to reasonable expenses including the attorney fees incurred in making the Motion to Compel, attempting to confer with Defendant's counsel regarding the Motion to Compel, and Mr. Tann and Ms. Wallis' attendance at the August 6, 2024 hearing as Defendant's failure to respond to the discovery was not substantially justified and no other circumstances make an award of expenses unjust. *See* Fed.R.Civ.P. 37(a)(5)(A);

    d. if the parties cannot come to an agreement on the quantification of the expenses including attorney fees, Plaintiffs may file a motion stating the basis for the amount requested **on or before September 6, 2024**; and

    e. the remainder of the Motion (Doc. 78) is **DENIED**;

2. Defendant's Motion for Protective Order (Doc. 82) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 6, 2024.

                                                      DANIEL C. IRICK
                                                      UNITED STATES MAGISTRATE JUDGE